IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VICTOR MORRIS STERN,<br><br>    Petitioner,<br><br>vs.<br><br>EARL HOUSER,<br><br>    Respondent. | Case No. 3:22-cv-00174-JMK<br><br>**ORDER** |

Before the Court are Mr. Stern's two latest filings. At Docket 13, Mr. Stern filed an "Opposition to Order Regarding Section 2254 Proceeding." At Docket 14, Mr. Stern filed an "Affidavit of Certificate of Non-Response Acceptance and Agreement." In brief summary, each of these documents realleges and re-summarizes Mr. Stern's allegations from his original petition.[1]

Mr. Stern initiated an action under 28 U.S.C. § 2254 and elected to proceed without counsel.[2] While the Court may liberally construe pleadings, self-represented litigants must follow procedural rules and abide by the Court's orders.[3] Per the Court's

---

[1] *See* Docket 4.
[2] Dockets 4 & 8.
[3] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). A federal district court's inherent powers are the mechanisms "necessarily vested in courts to manage their own affairs as so to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (*quoting Link v. Wash R. Co.*, 370 U.S. 626, 630–31 (1962).

Order at Docket 6, Respondent Houser is to respond to Mr. Stern's Petition. Upon the filing of the Respondent's response, Mr. Stern will have 21 days to reply.[4]

Dockets 13 and 14 are the third and fourth superfluous and erroneous filings from Mr. Stern. A court has the inherent power to manage its docket.[5] This Court will not be accepting filings outside of the pre-established briefing schedule. The Court advises Mr. Stern that any unsolicited, additional filings will be stricken by the Court.

Accordingly, these filings are to be **STRICKEN** from the record pursuant to Local Civil Rule 1.1(b)(8)(A).

IT IS SO ORDERED this 16th day of May, 2023, at Anchorage, Alaska.

/s/ *Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[4] Docket 6 at 3.
[5] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012); *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012).

*Stern v. Houser*     Case No. 3:22-cv-000174-JMK
Order     Page 2
Case 3:22-cv-00174-JMK    Document 15    Filed 05/16/23    Page 2 of 2